Case 2:12-cv-00549-RMP    Document 13    Filed 01/30/13

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALLAH (f.k.a. EDWIN RANDAL CONSTIN),<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>JIM LONG,<br><br>　　　　　　　　Respondent. | NO: CV-12-549-RMP<br><br>**ORDER DISMISSING PETITION** |

By Order filed November 5, 2012, the Court directed Petitioner to amend his petition within sixty (60) days to demonstrate that his state court remedies have been exhausted. Petitioner had challenged charges of second degree assault arising in Franklin County in October 2010. It was not clear from the facts presented that Petitioner had fully exhausted his claims through appropriate state court proceedings as required by 28 U.S.C. § 2254(b)(1)(A). Furthermore, Petitioner had failed to present his petition on the form provided by the Court to include relevant information regarding his grounds for federal habeas relief and sufficient facts to support those grounds.

ORDER DISMISSING PETITION -- 1

On November 19, 2012, Petitioner submitted an "Amended Petition," ECF No. 11.  After review of this document, the Court finds that it fails to cure the deficiencies of the Amended Petition received on October 22, 2012, ECF Nos. 4 & 8.  Once again, Petitioner, a state prisoner, asserts he is bringing this action pursuant to 28 U.S.C. § 2241(c)(3).  However, 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. *White v. Lambert,* 370 F.3d 1002, 1009-10 (9th Cir. 2004).

Once again, Petitioner asks this Court to "issue an Order" directing his present custodian at the Franklin County Jail, to produce "Authority" (i.e. "Warrant of Commitment naming Allah©, Arrest Warrant naming Allah©, affidavit of probable cause signed by an injured party naming Allah©"), as well as, "law" being used to "hold Allah© with a counterfeit trade name, no fingerprints or photos, in Intensive Management Unit (IMU) in violation of the Fourth Amendment (No Warrant Shall Issue but Upon Probable Cause), and Fifth Amendment (Due Process of law, and Equal Protection), Eighth Amendment (Cruel and Unusual Punishment)."

Once again, Petitioner contends he was not convicted of any crime and has been "kidnapped and falsely imprisoned for the past twelve years, by the King County Jail in Seattle, Washington, the Department of Corrections and now

ORDER DISMISSING PETITION -- 2

1  Franklin County Jail."  He uses the following footers in his document, "Secured
2  Party/Creditor, USA Paralegal Services UL, Holder-In-Due-Course."

3      Although directed to do so, Plaintiff fails to demonstrate that he has
4  exhausted his state court remedies regarding Franklin County Superior Court case
5  number 12-1-50324-8.  He baldly asserts the State of Washington does not exist
6  and those proceedings are a "sham."  Having failed to comply with the Court's
7  directives, **IT IS ORDERED** the Amended Petition is **DISMISSED without**
8  **prejudice** for failure to exhaust state court remedies.

9  **ADDITIONAL DOCUMENT**

10      On November 28, 2012, the Court received Petitioner's three page document
11  titled, "Who Are You Talking to the Debtor or the Creditor?  Refusal for Fraud and
12  Cause Rosanna Malouf Peterson's Order to Amend Allah's © Petition to the Court's
13  Fraudulent 2254 State Petition, Allah © has Never Been Arrested, Charged or
14  Convicted, In Addition the Plaintiff STATE OF WASHINGTON Does Not Exist It
15  is a Lie Supported by Actors in Black Robes," ECF No. 12.  In this document,
16  Petitioner repeats his assertions that "Allah© has never been arrested, charged,
17  convicted, judged or sentenced." He cites Biblical passages, presumably for the
18  purpose of making accusations of "deceit," "trickery," and "wickedness," and
19  labeling others, "White Race of Devils."
20

ORDER DISMISSING PETITION -- 3

Petitioner accuses the undersigned judicial officer of being "a devil and a liar," and asserts, "if you dismiss Allah's© Habeas Corpus using lies, you won't stop the fight thats [sic] coming for you dirt devils." Petitioner proceeds to use other words of profanity and, most disturbingly, he asserts, "You, Rosanna Malouf Peterson, mere woman who is on the way to becoming non existent, I will give you action, see me face to face and give me a[n] Order to do something or better yet play like you are judging God, I will personally douse you with gasoline the cheap kind, and set you on fire . . . you piece of excrement . . . ."

Clearly, Petitioner's lack of civility and decorum, as well as his open threat of physical harm, constitute harassment. While it is questionable whether Petitioner's threats are genuine at this time, due to his incarceration, Petitioner is cautioned that threats against a United States Judge may subject him to prosecution at the discretion of the United States Attorney. 18 U.S.C. § 115(a)(1)(B). The Court urges Petitioner to conduct himself with courtesy toward others in the future.

Because of the threats noted above, Petitioner shall not be allowed to file any further documents in this action, other than a 'Notice of Appeal' appealing this Order.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward a copy to Petitioner and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this

ORDER DISMISSING PETITION -- 4

1 | decision could not be taken in good faith, and there is no basis upon which to issue
2 | a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).
3 |     **DATED** this 30th day of January 2013.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER DISMISSING PETITION -- 5